| **Wright v City of New York** |
| :---: |
| 2024 NY Slip Op 33585(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154194/2022 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. ADAM SILVERA**                      PART

                                                    *Justice*

---------------------------------------------------------------X

HILLARY WRIGHT,

| | |
|---|---|
| INDEX NO. | 154194/2022 |
| MOTION DATE | 05/15/2024 |
| MOTION SEQ. NO. | 004 |

                                   Plaintiff,

                       - v -

CITY OF NEW YORK, MAYOR BILL DE BLASIO, NEW
YORK CITY POLICE DEPARTMENT ("NYPD")
COMMISSIONER DERMOT SHEA, NYPD CHIEF OF
DEPARTMENT TERENCE MONAHAN, NYPD MEMBER
DOES, AMEL CIRIKOVIC, GREGORY BALUZY,
CHRISTOPHER TREUBIG

**DECISION + ORDER ON
MOTION**

                                   Defendant.

---------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 91, 92, 96, 97, 98

were read on this motion to/for          RENEW/REARGUE/RESETTLE/RECONSIDER    .

Upon the foregoing documents, it is ordered that defendants The City of New York, Mayor Bill de Blasio, Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan's (hereinafter collectively referred to as the "Moving Defendants") motion to reargue this Court's prior Decision/Order dated February 5, 2024 (hereinafter referred to as the "Prior Decision"), which granted plaintiff's prior order to show cause to compel and to amend (hereinafter referred to as the "Prior Motion") (Mot. Seq. No. 003), and Moving Defendants' application in the instant motion seeking an extension to comply with the Prior Decision, is decided below.

Plaintiff commenced this action against defendants by summons and complaint seeking monetary damages for personal injuries she sustained on February 12, 2021 when plaintiff attended a demonstration and was allegedly thrown to the sidewalk by five NYPD Officers who

**154194/2022   WRIGHT, HILLARY vs. CITY OF NEW YORK ET AL**
**Motion No. 004**

Page 1 of 6

[* 1]

assaulted her. In the Prior Motion, plaintiff moved to compel Moving Defendants to reveal the identities of the five police officers allegedly involved in the subject incident. The Prior Decision ordered Moving Defendants to provide the identities of the five officers on or before February 7, 2024 and that failure to comply could result in the striking of defendants' answer. The Prior Decision further granted the portion of the Prior Motion seeking to amend the complaint, ordering plaintiff, upon receipt of the identities of the five officers on or before February 7, 2024, to file an Amended Complaint to substitute the names of such identified officers on or before February 13, 2024.

It is undisputed that following the Prior Decision, Moving Defendants partially complied with this Court's order by timely providing the identities of three of the five police officers. Plaintiff then timely amended the complaint to add the three officers whose identities were provided by Moving Defendants. At issue herein are the identities of the remaining two NYPD police officers whose identities were not disclosed prior to the February 7, 2024 deadline as ordered in the Prior Decision, and was not disclosed by Moving Defendants prior to the expiration of the statute of limitations.

CPLR 2221(d)(2) permits a party to move for leave to reargue a decision upon a showing that the court misapprehended the law in rendering its initial decision. "A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision." *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 (1st Dep't 1992), *appeal denied in part, dismissed in part* 80 NY2d 1005 (1992) (internal quotations omitted).

**154194/2022  WRIGHT, HILLARY vs. CITY OF NEW YORK ET AL**
**Motion No.  004**

Page 2 of 6

2 of 6

Preliminarily, the Court notes that Moving Defendants moved by Notice of Motion dated February 7, 2024, the deadline set forth in the Prior Decision, seeking an extension of time to comply, setting the return date of the instant motion for February 23, 2024, ten (10) days after the expiration of the statute of limitations; the statute of limitations having fallen on February 12, 2024 which was a court holiday such that all papers were to be filed on or before February 13, 2024. Moving Defendants argue that the deadline provided in the Prior Decision was unduly burdensome and that an extension of time to provide the identities would not prejudice plaintiff as plaintiff could move to add any new defendants, following the expiration of the statute of limitations, by using the relation back doctrine. Moving Defendants further argue that this Court overlooked matters of fact and law in the Prior Decision, in that Moving Defendants now argue that they timely demanded an unsealing authorization in its Answer and Combined Demand for Verified Bill of Particulars dated July 11, 2022, as well as in its Amended Answer dated November 13, 2023.

In opposition, plaintiff argues that this Court did not overlook the facts in the Prior Decision, and that Moving Defendants ignored plaintiff's prior attempts to obtain the identities at issue herein. Plaintiff further cross-moves for sanctions. Moving Defendants reply and oppose plaintiff's cross-motion for sanctions. The Court notes that plaintiff moved, in part, for sanctions in Motion Seq. No. 007, the same relief as requested herein. The portion of Mot. Seq. No. 007 which seeks sanctions is decided in this Decision/Order along with plaintiff's cross-motion for sanctions herein.

With regards to the portion of Moving Defendants' instant motion seeking an extension of time to comply with the Prior Decision, such relief is deemed moot as the identities of one of the remaining two officers have been provided to plaintiff; albeit after the statute of limitations

154194/2022 WRIGHT, HILLARY vs. CITY OF NEW YORK ET AL
Motion No. 004

Page 3 of 6

had expired. After virtual conference with all counsel on October 7, 2024, the Court notes that the remaining officer could not be identified. Regarding Moving Defendants' argument that plaintiff is not prejudiced due to the relation back doctrine, such contention is misplaced as plaintiff has now been placed under an additional burden which would be unnecessary had the identities of the two officers been timely provided in compliance with this Court's Prior Decision. In fact, one of plaintiff's subsequent motions to amend the complaint to add one of the officers was denied due to this added burden to relate back.

After review of all the papers herein, and all the papers submitted in the Prior Motion, the Court notes that Moving Defendant failed to raise the argument regarding its demand for an unsealing authorization, found in its standard form demands, in the Prior Motion. Rather, Moving Defendants' opposition papers to the Prior Motion relied predominantly upon the argument that they had an insufficient amount of time to investigate after plaintiff provided the unsealing authorization. The Appellate Division, First Department has explicitly stated that "[r]eargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted." *William P. Pahl Equip. Corp., supra.* Moving Defendants had an opportunity to raise the argument in the Prior Motion but chose to omit it. Plaintiff correctly argues that the Court did not overlook or misapprehend matters of fact or law in the Prior Decision, as Moving Defendant's instant motion is predicated on a new argument. Thus, Moving Defendants' new argument is not considered herein on the instant motion to reargue. Here, Moving Defendants have failed to establish that the Court, in its Prior Decision, misapprehended or overlooked the facts or law in ordering the disclosure of the identities of the NYPD police officers.

**154194/2022   WRIGHT, HILLARY vs. CITY OF NEW YORK ET AL**
Motion No. 004

Page 4 of 6

[* 4]

Nevertheless, after review of all the facts and circumstances herein, as well as review of the Prior Decision which states that Moving Defendants' "failure to comply with this Decision/Order may result in the striking of defendants' answer", the Court declines to strike Moving Defendants' answer(s) as the identities of four of the five NYPD police officers have now been provided to plaintiff. Prior Decision, p. 5. Moreover, the Court, in the Prior Decision, had already granted plaintiff's order to show cause to amend the complaint to add the officers to this action. As such, plaintiff's Second Amended Summons and Second Amended Verified Complaint, NYSCEF Doc. No. 120, which adds police officer Andrew Hillery to the instant action is deemed timely filed *nunc pro tunc* to February 12, 2024, the date of the original Amended Complaint.

As for plaintiff's cross-motion for sanctions, such cross-motion is denied. Plaintiff argues that Moving Defendants have consistently made frivolous motions in this action. 22 NYCRR § 130-1.1 (c) states that:

> conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false.

Plaintiff has failed to establish that Moving Defendants' motion or arguments were completely without merit, or that such motion or actions were made primarily to delay resolution of the litigation or to harass. Thus, plaintiff's cross-motion is denied in its entirety.

Accordingly, it is hereby

ORDERED that Moving Defendant's motion to reargue this Court's Prior Decision is granted solely to the extent that Moving Defendants' answer(s) are not stricken and plaintiff's complaint shall be amended *nunc pro tunc* to February 12, 2024 to add Andrew Hillery; and it is further

154194/2022   WRIGHT, HILLARY vs. CITY OF NEW YORK ET AL
Motion No. 004

Page 5 of 6

[* 5]

ORDERED that plaintiff shall re-file and serve the Second Amended Summons and Second Amended Verified Complaint to substitute the name of the identified officer on or before November 7, 2024; and it is further

ORDERED that plaintiff's cross-motion for sanctions herein, and the portion of plaintiff's motion seeking sanctions in Motion Seq. No. 007, is denied in its entirety; and it is further

ORDERED that, within 30 days of entry, Moving Defendants shall serve upon all parties a copy of this decision and order, together with notice of entry.

This constitutes the Decision and Order of the Court.

| 10/8/2024 | | ADAM SILVERA, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

154194/2022 WRIGHT, HILLARY vs. CITY OF NEW YORK ET AL
Motion No. 004

Page 6 of 6

6 of 6

[* 6]